1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GLEN MINSER,

11          Plaintiff,              1:06-CV-01234 ALA P

12      vs.

13   THE SECRETARY OF THE CALIFORNIA
     DEPARTMENT OF CORRECTIONS AND
14   REHABILITATION, et al.,

15          Defendants.              <u>ORDER</u>

16   _____/

17      Plaintiff Glen Minser is a state prisoner proceeding pro se and in forma pauperis in this

18   civil rights actions pursuant to 42 U.S.C. § 1983.  On September 11, 2006, Plaintiff filed a

19   complaint alleging a violation of Plaintiff's constitutional rights.  Defendants in that complaint

20   are employees of a governmental entity.

21                          **I**

22      Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen

23   complaints brought against a governmental entity or officer or employee of a governmental

24   entity.  The Court must dismiss the complaint if the claims contained in it, even when read

25   broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted,

26   or seek money damages from a defendant who is immune from such relief.  28 U.S.C. §

915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

## II

Plaintiff's complaint raises issues concerning his prison classification and housing.  Specifically, Plaintiff alleges that, due to good behavior, Plaintiff's prison classification was upgraded from level IV to level III security.  As a result Plaintiff was transferred from California State Prison Clipatria, a level IV security prison, to California State Prison Corcoran, which is a level III facility.  Plaintiff claims that as a result of this transfer he is receiving less yard time than he received while housed at a higher security prison and thus is being punished for his good behavior.  Complaint at 4-5.

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another.  *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Nor does an inmate have a constitutional right to any particular classification.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987).  Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment.  *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and regulations give rise to an interest protected

by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Inmates have no federal constitutional right to particular procedures established by state law. *Toussaint v. McCarthy*, 801 F.2d 1080, 1096-97 (9th Cir. 1986). On the basis of these authorities, the court finds that Plaintiff's allegations concerning classification and housing fail to state a Fourteenth Amendment claim upon which relief may be granted. Plaintiff's complaint will therefore be dismissed.

### III

To proceed, Plaintiff must file a first amended complaint. Any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

1     Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

2  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

3  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

4  claim."); Fed. R. Civ. P. 8.

5     Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

6  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

7  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

8  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

9  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

10  Civil Procedure is fully warranted" in prisoner cases).

11     A district court must construe pro se pleading "liberally" to determine if it states a claim

12  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

13  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

14  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

15  the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell*

16  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

17     The court (and Defendant) should be able to read and understand Plaintiff's pleading

18  within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

19  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

20  injury or joining a series of unrelated claims against many defendants very likely will result in

21  delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

22  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

23     An amended complaint must be complete in itself without reference to any prior

24  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

25  files an amended complaint, the original pleading is superseded.

26     Plaintiff is admonished that by signing an amended complaint he certifies he has made

reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

## IV

Therefore,  IT IS HEREBY ORDERED that:

1.  Plaintiff's September, 2006, first complaint is dismissed; and

2.  Plaintiff is granted thirty-five (35) days from the date of this order to file a first amended complaint.  Failure to file a first amended complaint will result in this matter being dismissed.

/////

Dated: January 11, 2008

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

5